Filed 6/21/23  P. v. Martin CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B325379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA078144) |
| v. | |
| JOSE LUIS MARTIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jose Luis Martin appeals the trial court's denial of his postjudgment petition for resentencing pursuant to Penal Code[1] section 1172.75, which invalidates sentence enhancements for prior prison terms. The trial court concluded Martin lacked standing to bring such a petition because remedial proceedings under section 1172.75 must be initiated by the California Department of Corrections and Rehabilitation.

On appeal, Martin's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Because the trial court correctly concluded it lacked jurisdiction to entertain Martin's petition, we similarly lack jurisdiction over this appeal. The appeal is therefore dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Martin was convicted of several crimes, including robbery and various firearms-related charges. A prior robbery conviction was found to qualify as a prior serious felony conviction, prior "strike" offense, and prior prison term under section 667.5, subdivision (b). (§§ 667, 667.5, subd. (b).) An additional prior conviction for grand theft was found true as a prior prison term under section 667.5, subdivision (b). The trial court imposed an aggregate

---

[1] All further undesignated statutory references are to the Penal Code.

sentence of 33 years.  With regard to the two prior prison term enhancements, the trial court imposed one-year terms for each enhancement, but stayed imposition of sentence.

On direct appeal, this court affirmed Martin's conviction and sentence.  (*People v. Martin* (Dec. 15, 2009 B207123) [nonpub. opn.].)

On September 1, 2022, Martin filed a petition seeking resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (S.B. 483) which, effective January 1, 2022, added former section 1171.1 (now section 1172.75)[2] and retroactively eliminated enhancements for certain prior prison terms.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12; *Burgess, supra*, 86 Cal.App.5th at pp. 379–381.)

On November 3, 2022, the trial court summarily denied Martin's petition, concluding Martin lacked standing to seek resentencing under S.B. 483.  The court noted that such relief must be initiated by the California Department of Corrections and Rehabilitation (CDCR) on behalf of a prisoner.

Martin timely appealed.

---

[2]     Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75, with no substantive changes.  (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2 (*Burgess*).)

3

## DISCUSSION

### A. Serrano/Delgadillo Review

Martin's appointed counsel filed a brief raising no issues and invoking *Serrano, supra*, 211 Cal.App.4th 469. Counsel sent the record and a copy of the appellate brief to Martin, and this court notified Martin of his right to file a supplemental brief and the consequences of failing to do so. We received no response. Under *Serrano*, when appointed counsel raises no issue in an appeal from a postjudgment proceeding, an appellate court need not independently review the record. (*Id.* at pp. 498, 503; see also *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 (*Delgadillo*).) Moreover, if the appellant fails to file a supplemental brief, we may dismiss the appeal as abandoned. (*Serrano, supra,* 211 Cal.App.4th at pp. 498, 503; see *Delgadillo, supra*, 14 Cal.5th at p. 232.) In this case, however, Martin has filed an appeal from a non-appealable order thereby depriving this court of jurisdiction in the first instance.

### B. Principles of Jurisdiction

Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) There are several exceptions to this rule. For example, section 1172.1 gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand or at any time upon request by various law enforcement officials.

4

(*King, supra*, 77 Cal.App.5th at p. 637, citing former § 1170.03, subd. (a); Stats 2022 ch 58 § 9 (Assem. Bill No. 200) [renumbering 1170.03 to 1172.1].)  The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases.  (See, e.g., §§ 1172.6, 1170.126, 1170.18.)  If, however, the trial court does not have jurisdiction to entertain a motion to vacate or modify a sentence, an order denying such a motion is nonappealable and any appeal from such an order must be dismissed.  (*King, supra*, at p. 634.)

## C.    Analysis

Here, Martin filed a petition seeking to invoke section 1171.1 (now section 1172.75) added to the Penal Code by Senate Bill No. 483.

Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."  (§ 1172.75, subd. (a).)  The statute further establishes a mechanism to provide affected defendants a remedy by directing the Secretary of the CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and further instructs the CDCR on how, and when, to bring these persons to the attention of the sentencing court.  (§ 1172.75, subd. (b); *Burgess, supra*, 86 Cal.App.5th at pp. 380–381

5

[discussing procedures under section 1172.75].)  The trial court is, thereafter, instructed to review the information and, where warranted, "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  However, as the trial court correctly noted, that section does not allow a prisoner, like Martin, to file his own request for relief.  (*Burgess*, *supra*, at pp. 381–382.)  Accordingly, the trial court correctly concluded that Martin lacked standing to bring his petition.  (*Id.* at pp. 379, 381.)  This, in turn, leaves us without jurisdiction to entertain Martin's appeal.[3]  (*Id.* at p. 382; *King*, *supra*, 77 Cal.App.5th at p. 639; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

---

[3]     In its order denying Martin's petition, the trial court further noted that Martin was not sentenced with the now-invalid enhancements.  Martin had argued that although the original sentencing court stayed the prior prison term enhancements, the enhancements are nevertheless "legally invalid" under S.B. 483, now codified at section 1172.75.  To the extent any of Martin's arguments implicate the "unauthorized sentence" rule, they must be raised via a writ of habeas corpus.  Section 1172.75 is not an appropriate vehicle for *prisoner-initiated* relief.  (*Burgess, supra*, 86 Cal.App.5th at pp. 379, 382; *King, supra*, 22 Cal.App.5th at pp. 639-640.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

ZUKIN, J. *

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.